Filed 7/31/24  In re W.W. CA1/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| In re W.W., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>W.W.,<br><br>    Defendant and Appellant. | A168851<br><br>(Contra Costa County Super. Ct. No. J23-00449) |

W.W. appeals from a no contest plea to a single felony count of assault likely to cause great bodily injury in violation of Penal Code[1] section 245, subdivision (a)(4), and a single misdemeanor count of taking property from the person of another in violation of section 487, subdivision (c).  His court-appointed counsel has filed a brief seeking our review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) to determine whether there are any arguable issues on appeal.  We conclude there are no issues requiring further review and affirm.

---

[1] Undesignated statutory references are to the Penal Code.

# I. BACKGROUND

In June 2023, seventeen-year-old W.W. and a friend were to meet the victim under the guise of buying a PS5 video gaming device from him.  Instead, they robbed the victim of the device, and W.W.'s friend shot the victim in his left thigh.

A petition was filed under Welfare and Institutions Code section 602 charging W.W. with second degree robbery with an enhancement due to the use of a firearm by a principal in the commission of the crime.  (§§ 211, 212.5, subd. (c), 12022, subd. (a)(1).)  W.W.'s age and the nature of the charge made him ineligible for deferred entry of judgment.

At the pretrial conference, W.W.'s counsel informed the court of a negotiated disposition and his willingness to enter a no contest plea to an amended petition.  The petition was amended to add a single count of felony assault likely to cause great bodily injury (§ 245, subd. (a)(4)) and a single count of theft from the person of another (§ 487,  subd. (c)), a misdemeanor.  The juvenile court questioned W.W. on his willingness to enter a no contest plea, the voluntariness of his plea and his waiver of his constitutional rights.

W.W. entered no contest pleas to the new counts, and the court found a factual basis for the plea.  The original robbery charge was dismissed.  (§§ 211, 212.5, subd. (c).)  He was retained in custody pending disposition.

W.W. and his siblings had a lengthy history of involvement with the dependency system, and at the disposition hearing the court learned of a possible open dependency case where W.W. had

2

been declared a ward in Fresno County. The court continued the hearing in order to get further information on those dependency proceedings.

The Fresno case was opened in July 2020 and was pending without any final order. W.W. and his sister had absconded from foster care in Fresno County, and at the time of the disposition hearing were living with their mother. Accordingly, the juvenile court initiated proceedings under Welfare and Institutions Code section 241.1 to determine whether probation or child welfare services would be the most appropriate agency for W.W.'s supervision. After considering W.W.'s history of contact with law enforcement, education, and the unsuccessful efforts of the child welfare and family support systems in his case, the juvenile court determined that the probation department would provide W.W. the most rehabilitative and appropriate services.

Due to the seriousness of the offense and W.W.'s unsuccessful history with child and family services in several counties, the court did not issue a community placement. Instead, the court determined that W.W.'s welfare required he be removed from his family or guardians and placed in the custody of the probation department. He was committed to a county institution for the maximum custody time of three years four months or age 25. He was issued 54 days of presentence credit and ordered to participate in the Commitment Pathway Program at the Briones Youth Academy. He was informed of his conditions of probation and assessed a $100 restitution fine.

W.W.'s appeal is timely.

3

## II. DISCUSSION

Counsel has represented that W.W. was advised of counsel's intention to file a *Wende* brief in this case and of his right to submit supplemental written argument on his own behalf. He has not done so. W.W. has also been advised of his right to request that counsel be relieved.

W.W.'s no contest plea appears from the record to be free, knowledgeable, and voluntary. His sentencing was in accord with the discretion and choices legally available to the juvenile court. The restitution fine was imposed in lawful measure.

Our full review of the record reveals no issue that requires further briefing.

## III. DISPOSITION

The judgment is affirmed.

SIGGINS, J.*

WE CONCUR:

HUMES, P. J.

BANKE, J.

A168851
*In re W.W.*

---

\* Retired Presiding Justice of the Court of Appeal, First Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.